# EXHIBIT A

AMY K. VAN ZANT (CA SBN 197426)
avanzant@orrick.com
SIDDHARTHA VENKATESAN (CA SBN 245008)
svenkatesan@orrick.com
CAM T. PHAN (CA SBN 274797)
cphan@orrick.com
CATHY C. SHYONG (CA SBN 288537)
cshyong@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   (650) 614-7400
Facsimile:   (650) 614-7401

Attorneys for Plaintiff-Intervenor
LAWRENCE LIVERMORE NATIONAL
SECURITY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEMTO-SEC TECH, INC., a California corporation,<br><br>Plaintiff,<br><br>and<br><br>LAWRENCE LIVERMORE NATIONAL SECURITY, LLC, a Delaware limited liability company,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>LENSAR, INC., a Delaware corporation,<br><br>Defendants. | Case No. 8:15-cv-01689-JVS (JCGx)<br><br>**LAWRENCE LIVERMORE NATIONAL SECURITY, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Demand for Jury Trial** |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 1 -
EXHIBIT A
Page 7

Plaintiff-Intervenor Lawrence Livermore National Security, LLC ("LLNS") pleads as follows:

## THE PARTIES

1. LLNS is a limited liability corporation organized and existing under the laws of the state of Delaware. LLNS is a single-purpose entity formed to operate the Lawrence Livermore National Laboratory ("LLNL"), a government-owned federally funded research and development center, for the United States Department of Energy/National Nuclear Security Administration pursuant to Contract No. DE-AC-52-07NA27344 with the Department of Energy. LLNS's and LLNL's principal place of business is located at 7000 East Avenue, L-703, Livermore, California, 94551-9234.

2. On information and belief, Femto-Sec Tech, Inc. ("Femto-Sec") is a corporation organized and existing under the laws of the State of California, having its principal place of business in Aliso Viejo, California.

3. On information and belief, LensAR, Inc. ("LensAR") is a corporation organized and existing under the laws of the State of Delaware, having its headquarters in Orlando, Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over LensAR because, on information and belief, LensAR transacts business by marketing, making, offering for sale, selling, and/or using infringing products in California; and LensAR maintains an agent for service of process in Sanger, California.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

# GENERAL ALLEGATIONS

## A. The '894 Patent

7. During the 1990s, LLNL researchers studied and developed the use of ultrashort pulse lasers for medical applications. Several patent applications relating to ultrashort pulse lasers issued from work done at LLNL. On January 11, 1996, the Regents filed an application for one such patent, which ultimately issued as U.S. Patent Nos. 5,720,894 ("the '894 patent"), entitled "Ultrashort Pulse High Repetition Rate Laser System for Biological Tissue Processing." The '894 patent names the following inventors: Luiz B. Da Silva, Michael D. Feit, Michael E. Glinsky, Dennis L. Matthews, Joseph Neev, Michael D. Perry, Brent C. Stuart, and Alexander M. Rubenchik. The '894 patent was initially assigned to the Regents of the University of California ("Regents").

8. On August 29, 2007, the Regents and Femto-Sec entered into a Limited Exclusive Patent License Agreement for Short-Pulse Laser Technology ("Femto-Sec License"). Rights to the '894 patent and four other patents, including rights to the Femto-Sec License, subsequently were transferred to LLNS on or about October 1, 2007. Under the Femto-Sec License, Femto-Sec was granted a nontransferable, exclusive royalty-bearing license under five patents related to ultra-short pulse laser technology within a field of use comprising medical applications for humans and animals, including medical devices and cosmetic applications, and biological treatments for plants.

9. On October 20, 2015, Femto-Sec purported to file suit against LensAR in this case; Femto-Sec did not name LLNS as a necessary party to the case.

10. On October 26, 2015, LLNS terminated the Femto-Sec License.

11. LLNS currently is the sole owner of any interest in the '894 patent.

## B. The LENSAR® Laser System

12. On information and belief, LensAR markets, makes, offers for sale, uses, and sells the LENSAR® Laser System in the United States.

13. LensAR markets the LENSAR® Laser System as an ophthalmic surgical laser intended for laser in anterior capsulotomy and laser phacofragmentation in cataract surgery. LensAR states that the LENSAR® Laser System has at least the following indicated uses:

- Anterior capsulotomy and laser phacofragmentation;
- Removal of the crystalline lens;
- Creation of full and partial thickness single plane and multi-plane cuts/incisions in the cornea

## COUNT I
## INFRINGEMENT OF THE '894 PATENT

14. LLNS restates and incorporates by reference its previous allegations above, as if fully set forth herein.

15. LensAR has infringed at least claim 11 of the '894 patent by, on information and belief, making, using, selling, and/or offering to sell in the United States and/or by importing into the United States the LENSAR® Laser System.

16. LensAR has induced infringement of at least claim 11 of the '894 patent in the United States by, on information and belief, among other acts, ophthalmic surgeons performing eye surgery using the LENSAR® Laser System. On information and belief, LenSAR has known of the '894 patent at least as of receiving notice of Femto-Sec's filing of its complaint in this case, and has known of, or acted with willful blindness to, the likelihood that the use of the LENSAR® Laser System by ophthalmic surgeons infringes one or more claims of the '894 patent, including but not limited to claim 11.

17. On information and belief, the LENSAR® Laser System is configured such that the use of the lasers for eye surgery constitutes infringement, and LensAR instructs and encourages users to use the infringing laser for eye surgery.

18. With respect to the LENSAR® Laser System, LensAR's website states:

- "The LENSAR® Laser System is approved for a full range of corneal incisions"
- "Precise arcuate incisions — LENSAR is now the only femtosecond laser with the added benefit of iris registration for improved accuracy and astigmatic outcomes"
- "LensAR is the only femtosecond laser with FDA-labeling demonstrating a significant reduction in cumulative dissipated energy (CDE) by specific cataract grade"

19. On information and belief, LensAR intends that the infringing product be used in a manner that infringes the '894 patent. On information and belief, LensAR obtained FDA approval for infringing uses and markets the product for infringing uses. On information and belief, LensAR directly or indirectly creates and provides manuals, brochures or other documentation instructing and enabling infringing uses.

20. LensAR has contributed to infringement of at least claim 11 of the '894 patent in the United States by, on information and belief, among other acts, ophthalmic surgeons performing eye surgery using the LENSAR® Laser System. The infringing product embodies a material part of the claimed invention of the '894 patent, and LensAR knows that the product is especially made or adapted for uses that infringe one or more claims of the '894 patent, including but not limited to claim 11. The infringing product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

21. LensAR does not have, nor has it ever had, a license under the '894 patent.

22. LLNS has sustained significant damages as a direct and proximate result of LensAR's infringement of one or more claims of the '894 patent.

23. LensAR's infringement of the '894 patent is exceptional and entitles LLNS to attorneys' fees and costs incurred in prosecuting this action.

**PRAYER FOR RELIEF**

WHEREFORE, LLNS prays that the Court:

A. Enter judgment in favor of LLNS;

B. Find that LensAR infringed one or more claims of the '894 patent;

C. Order LensAR to pay damages sustained by LLNS as a result of LensAR and/or its predecessors in interest's infringement of one or more claims of the '894 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions;

E. Find this case exceptional and award to LLNS its reasonable attorneys' fees incurred in prosecuting its claims for patent infringement;

F. Order LensAR to pay LLNS's costs of suit and interest; and

G. Order such other relief as the Court deems proper.

Dated: January 21, 2016                     Orrick, Herrington & Sutcliffe LLP


By: */s/ Amy Van Zant*
      Amy Van Zant

Attorneys for
LAWRENCE LIVERMORE
NATIONAL SECURITY, LLC